Gunter, J.
Action upon warranty of title in bill of sale. Trial to the court. Judgment for plaintiff. Defendant appeals.
June 27, 1896", The Metzner Liquor Company was in possession of a lot, a part of the public domain, and owned the frame building situate thereon. To secure an indebtedness to The Milwaukee Brewery Company it gave a trust deed on its possessory interest in the lot and upon the building. August 31, 1896, The Metzner Liquor Company gave a chattel mortgage upon the frame building to secure an indebtedness to appellants. Being unable to meet this indebtedness the mortgagor delivered possession of the building so mortgaged to appellants, who by bill- *221 of sale containing warranty of title sold the same to appellee.
The Milwaukee Brewery Company instituted an action to foreclose the above trust deed, and to have its interests in the building covered thereby declared superior to the interest of appellants, and to the interest of appellee therein. Appellants and appellee were made parties to this action, and appeared therein. A decree was entered ordering sale of the property covered by the trust deed and adjudging the lien of The Milwaukee Brewery Company thereon superior to the chattel mortgage to appellants and the bill of sale to appellee. A sale was made by the sheriff under the decree so rendered, a certificate of sale issued, and later, in pursuance thereof, a sheriff's deed. The holder of such deed took possession of the building embraced therein. Johnson, the purchaser under the bill of sale having thus lost the property covered thereby, brought the present áction to recover damages for a breach of the warranty of title contained therein. As stated he had judgment below.
Appellants contend that this apparently righteous judgment should be set aside; they contend that the above decree foreclosing the trust deed and adjudging the lien thereof superior to the interest of appellants acquired under the chattel mortgage, and the interest of appellee acquired under the bill of sale, was void because the grantor in the trust deed was not made defendant to such foreclosure proceeding. The Metzner Liquor Company, the trustor in the trust deed foreclosed, had parted with all interest held by it in the property covered by the trust deed by a sale of such property to appellants. It was not sought in the foreclosure proceeding to recover a personal judgment against The Metzner Liquor Company, the relief sought was to sell the *222 property covered by the trust deed, and apply the proceeds of such sale iipon the indebtedness secured thereby, and to have the lien evidenced by such trust deed declared superior to the claims of appellants, and the claim of appellee. The Metzner Liquor Company had no interest in the proceeding, the only parties interested therein other than plaintiff were the defendants, the present appellants, and appellee. They had the opportunity by being made defendants to such proceeding to contest the validity of plaintiff’s lien under the alleged trust deed, and its alleged superiority to their respective claims.
We can see no reason why The Metzner- Liquor Company was a necessary party to such proceeding.
It is further contended, that the property covered by the trust deed was not the same property as that advertised for sale, and was not the same property as that contained in the bill of sale. By parol testimony it appears that it was.
It was further contended that the sheriff’s deed made- in pursuance of the certificate of sale was void because an order of court approving the sale was not made previous to the execution of this deed. This, under our statute was not necessary.
-The judgment below should be affirmed.

Affirmed.